UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VIDAL RAINEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 19-1028-CSB |
| | ) |
| | ) |
| KELLY RENZI and ANDREA MOSS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment. As explained more fully below, Defendants are entitled to the summary judgment that they seek because Plaintiff Vidal Rainy has failed to identify a genuine issue of material fact that would preclude summary judgment in Defendants' favor and because Defendants have demonstrated that they are entitled to judgment as a matter of law.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue

1

for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Rainey is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Pontiac Correctional Center ("Pontiac"). Rainey filed this suit under 42 U.S.C. § 1983 alleging that Defendant Kelly Renzi, the psychology administrator at Pontiac, and Defendant Andrea Moss, a mental health therapist at Pontiac, have acted with deliberate indifference towards his serious mental health needs in violation of his Eighth Amendment rights.

Specifically, Rainey asserts that he suffers from a sexual disorder and that neither Renzi nor Moss will treat his disorder appropriately. In fact, Rainey contends that

neither Renzi nor Moss are appropriately trained or licensed to provide the type of sex-offender counseling that he needs, and he argues that the treatment that he has and is receiving is inappropriate for his condition and, thus, is ineffective. Accordingly, Rainey argues that he should be transferred to a different IDOC facility where he can receive sex-offender mental health counseling because he is not receiving appropriate mental health treatment from either Renzi or Moss at Pontiac in violation of his Eighth Amendment rights. Rainey also wants monetary damages.

Defendants deny that they have acted with deliberate indifference towards Rainey's serious mental health needs. Defendants note that, although Rainey was previously diagnosed with an unspecified sexual disorder, that diagnosis was changed by other psychiatrists after examining and treating Rainey.

Moreover, Defendants state that one can have a sexual disorder without that condition being sufficiently significant to justify or require clinical intervention. Defendants argue that they have not violated his Eighth Amendment rights, nor have they acted with deliberate indifference towards his serious mental health needs, because Rainey has been receiving regular mental health counseling. Accordingly, Defendants move for summary judgment on Rainey's claim against them.

Persons acting under the color of law violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs, serious mental health needs, or serious dental needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serious medical needs of a prisoner

constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). The deliberate indifference standard requires a plaintiff to clear a high threshold in order to maintain a Constitutional claim. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the . . . officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

"A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

"Deliberate indifference is not medical malpractice; the [Constitution] does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where

4

the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draws the inference." *Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that a plaintiff "need not prove that the . . . officials intended, hoped for, or desired the harm that transpired. Nor does a [plaintiff] need to show that he was literally ignored. That the [plaintiff] received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

This case presents a somewhat interesting question. It is undisputed that, at one point in time, Rainey suffered from a sexual disorder. Therefore, it is understandable why Rainey believes that he should receive sex-offender mental health treatment. Further, it is also undisputed that Pontiac is not credentialed to provide sex offender therapy, and therefore, it is also understandable why Rainey wants to be transferred to a different IDOC facility where he can receive such treatment. And, it is undisputed that Defendants knew of Rainey's previous diagnosis and that they are not providing him with the sex-offender treatment that Rainey claims he needs.

One the other hand, the undisputed evidence does *not* show that Rainey currently suffers from a sexual disorder that would require sex-offender treatment or therapy. Although Rainey previously had been given such a diagnosis, after examining and treating Rainey, his psychiatrists removed that diagnosis. As a result, this case

simply becomes one in which, although he is receiving mental health treatment, it is not the treatment that *Rainey* believes he needs.

The law is clear that Rainey's uneducated opinion as to what course of action should be taken with regard to his mental health treatment or counseling is insufficient to defeat summary judgment. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 2002) ("[w]ithout any medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact"). The Eighth Amendment guarantees a prisoner treatment of his serious mental health needs, not a doctor or a treatment of his own choosing. *Estelle*, 429 U.S. at 104-106 (1976); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). The Eighth Amendment does not guarantee access to the latest technology or to a specific medical test. *Glenn v. Barua*, 2007 WL 3194051, * 3 (3d Cir. 2007)(noting that "a decision not to use an x-ray or other diagnostic technique is "a classic example of a matter for medical judgment, and does not by itself amount to constitutionally deficient treatment.") (internal quotation omitted).

More to the point, "[a] prisoner has the right to medical care; however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)). "The Eighth Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011) (internal quotations omitted).

6

Here, the undisputed evidence demonstrates that Rainey received and is receiving mental health counseling. The mental health counseling is just not the exact type that Rainey believes is necessary or is required to treat his mental health condition. His opinion is not sufficient to defeat Defendants' motion for summary judgment. In other words, Rainey is asking the Court to second guess the professional judgments of the individuals who actually examined him and modified his diagnosis and find that he needs a different type of treatment. This the Court cannot do.

Furthermore, Rainey's conclusion that his mental health treatment is not successful or assisting him based upon the number of disciplinary tickets that he has received is simply too attenuated to demonstrate that Defendants are purposefully pursuing an ineffective treatment. The undisputed evidence shows that Rainey is receiving mental health treatment for related issues of impulse control and social skills, and the evidence also shows that such treatment can assist with all types of mental health issues, including the sexual disorder with which Rainey has been previously diagnosed.

Additionally, Rainey has not offered any evidence to demonstrate that Defendants' opinion that he is receiving appropriate mental health counseling was outside the bounds of reasonableness or that they did not rely upon their professional judgments in forming that opinion. In order to constitute deliberate indifference, "a medical professional's treatment decision must be such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Petties v. Carter*, 836

7

F.3d 722, 729 (7th Cir. 2016), *as amended* (Aug. 25, 2016)(internal quotation omitted); *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)("A plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, no minimally competent professional would have so responded under those circumstances."). Rainey has offered no such evidence.

Instead, the undisputed evidence shows that although Defendants knew of Rainey's previous sexual disorder diagnosis, they also knew that his diagnosis was later removed after further examination and treatment. Defendants also knew that Rainey was receiving mental health counseling that is generally effective for different types of mental health issues, including treatment for Rainey's prior diagnosis.

Finally, Defendants were aware that the Diagnostic and Statistical Manual of Mental Disorders, 5th edition ("the DSM 5") defines a paraphilic disorder as one "that causes clinically significant distress or impairment in social, occupational, or other important areas of functioning predominate but do not meet the full criteria for any of the disorders in the paraphilic disorders diagnostic class." Further, Defendants were also aware that the DSM 5 states that one can have a paraphilia without it being significant enough to warrant a paraphilic disorder, and that "a paraphilia itself does not necessarily justify or require clinical intervention".

Here, Defendants, exercising their professional judgment, did not believe that Rainey's paraphilic disorder required clinical intervention. Rainey has offered no admissible evidence to show that Defendants knew or should have known that clinical

8

intervention was required to treat his paraphilic disorder, *i.e.*, his claimed sexual disorder.  In other words, Rainey has failed to offer any admissible evidence that Defendants were not exercising their professional judgment or opinions in providing the mental health treatment that he was receiving or that the clinical intervention that Rainey wants (based upon his own opinion) was or is necessary.

**IT IS, THEREFORE, ORDERED:**

**1.     Defendants' motion for summary judgment [38] is GRANTED.  The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff.  All other pending motions are denied as moot, and this case is terminated.  All deadlines and settings on the Court's calendar are vacated.**

**2.     If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3.     If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith.  See Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some**

merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 1st day of June, 2020

s/ Colin S. Brue
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE